UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GRULLON,<br><br>                    Plaintiff,<br><br>    -against-<br><br>SODEXO; JOHN CECCOLINI; BABATUNDE COLE,<br><br>                    Defendants. | **ORDER OF SERVICE**<br><br>23-CV-9142 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634. The complaint can also be construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.

By order dated October 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a defendant be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Sodexo, John Ceccolini, and Babatunde Cole through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If a defendant is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is instructed to issue summonses for Defendants Sodexo, John Ceccolini, and Babatunde Cole, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         October 20, 2023

                                                    _____
                                                    PHILIP M. HALPERN
                                                    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Sodexo
   c/o Corporate Creations Network Inc.
   600 Mamaroneck Avenue, Suite 400
   Harrison, NY, 10528

   Sodexo
   32 Warren Avenue
   Sleepy Hollow, NY 10591

2. John Ceccolini
   32 Warren Avenue
   Sleepy Hollow, NY 10591

3. Babatunde Cole
   32 Warren Avenue
   Sleepy Hollow, NY 10591