UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE GRULLON,

                Plaintiff,

-against-

SODEXO, JOHN CECCOLINI, & BABATUNDE COLE,

                Defendants.

**OPINION AND ORDER**

23-CV-09142 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Jose Grullon ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, against Sodexo, John Ceccolini, and Babatunde Cole ("Defendants") on October 17, 2023. (Doc. 1, "Compl."). On October 20, 2023, the Court issued an Order of Service (Doc. 6) as well as a Mediation Referral Order for *Pro Se* Employment Discrimination Cases (Doc. 7). On February 6, 2024, pro bono counsel entered a limited appearance on behalf of Plaintiff for the purpose of providing advice and representation in settlement negotiations, settlement conference(s), and/or mediation(s) through the Southern District's Alternative Dispute Resolution Program. (Docs. 16, 17). A mediation conference was held on March 22, 2024, and on April 4, 2024, Defendants filed a letter advising the Court that a settlement had been reached at that mediation. (Doc. 20). However, Defendants further advised the Court that Ms. Keane, Plaintiff's limited pro bono counsel, contacted them following the mediation to communicate Plaintiff's desire to renege on the settlement. (*Id.*).

Defendants, with the Court's leave, filed a motion to enforce the settlement, or alternatively to dismiss the Complaint. (Doc. 33; Doc. 34; Doc. 35, "Def. Br."; Doc. 36). Plaintiff opposed the motion (Doc. 38, "Pl. Br."), and it was fully briefed with the filing of Defendants' reply (Doc. 39).

For the reasons set forth below, Defendants' motion to enforce the settlement is GRANTED, and their motion in the alternative to dismiss the Complaint is denied as moot.

## ANALYSIS

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Velazquez v. Yoh Services, LLC*, 2017 WL 4404470, at *2 (S.D.N.Y. Sept. 25, 2017) (quoting *BCM Development, LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013)).[1] It is well established that a "settlement is a contract . . . [and] once entered into . . . is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). There is a presumption in favor of enforcement of settlements. *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015); *see also Willgerodt ex rel. Majority Peoples' Fund for the 21st Century, Inc. v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) ("Settlement agreements are strongly favored in New York and may not be lightly cast aside."), *aff'd*, 159 F.3d 1347 (2d Cir. 1998). "The party seeking to enforce the purported agreement bears the burden of proving that the parties entered into a binding agreement." *Velazquez*, 2017 WL 4404470, at *2.

Parties may bind themselves orally, and the fact that they plan to later memorialize their agreement in writing does not prevent them from being bound by the oral agreement. *N. Fork Country, LLC v. Baker Publ'ns Inc.*, 436 F. Supp. 2d 441, 445 (E.D.N.Y. 2006) (citing *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997)). "[A]bsent a party's expressed

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

intent not to be bound without a signed writing, oral settlement agreements are enforceable." *Bluelink Mktg. LLC v. Carney*, No. 16-CV-07151, 2017 WL 4083602, at *5 (S.D.N.Y. Sept. 15, 2017).

Courts in the Second Circuit apply the four-factor test outlined in *Winston v. Mediafare Entertainment Corp.*, in determining whether to enforce an oral settlement agreement. 777 F.2d 78, 80 (2d Cir. 1985). While "[n]o single factor is decisive," courts consider:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Id.*; *see also Ciaramella*, 131 F.3d. at 323.

Here, the *Winston* factors weigh in favor of enforcing the settlement reached between the parties. After separately agreeing to the terms of settlement, the parties came together in joint session to orally confirm the material terms of the agreement before the mediator. (Doc. 34 ¶ 9). The Parties agreed to all of the terms of the agreement, specifically that Sodexo make a one-time payment of $15,000 in exchange for Plaintiff's release and the dismissal of the action with prejudice. (*Id.* ¶ 11). Plaintiff, with his attorney and interpreter present, expressed his assent to be bound to the terms stated. (*Id.* ¶ 10). At no point during or after the mediation did Plaintiff ever express any reservation of rights that the settlement agreement would only be valid upon the execution of a written settlement agreement. (*Id.* ¶ 12). "[N]either party expressed an intent not to be bound absent a writing through either its words or behavior[.]" *Elysium Health, Inc. v. ChromaDex, Inc.*, 22-1153-CV, 2023 WL 7037442, at *3 (2d Cir. Oct. 26, 2023). During the mediation, Plaintiff agreed to all the material terms of the agreement, most importantly the

settlement amount. (Doc. 34 ¶ 11). *See Gildea v. Design Distribs.*, 378 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) ("The single most important term of the agreement[] [is] the settlement amount[.]").

Plaintiff's attorney, engaged specifically for the mediation, settled this matter in Plaintiff's presence and before the Court's appointed mediator. "Under federal common law, 'a settlement agreement is binding only if the attorney (the agent) had the client's (the principal's) actual or apparent authority to enter into the agreement.'. . . Federal courts 'presume that an attorney-of-record who enters into a settlement agreement . . . had authority to do so.'" *Villar v. City of New York*, 546 F. Supp. 3d 280, 286 (S.D.N.Y. 2021). Here, there is no question that Ms. Keane served as Plaintiff's attorney of record for purposes of the mediation and that she was authorized by Plaintiff to enter the settlement with Sodexo. (Docs. 16, 17). Although Plaintiff argues in his opposition that there was "no bond" with Ms. Keane (Pl. Br. at 2), Plaintiff was present at the mediation when Ms. Keane expressed, before the Court assigned mediator and Sodexo, his assent to enter the settlement and did not voice any objection at that time. "The record plainly shows" that Ms. Keane possessed, at minimum, apparent authority to settle this matter on behalf of Plaintiff. *Hillair Capital Investments, L.P. v. Smith Systems Transport, Inc.*, 640 F. App'x 49, 52 (2d Cir. 2016). Following the mediation, Ms. Keane emailed counsel for Defendants, stating that she was "glad [the Parties] we able to resolve this matter." (Doc. 34, Ex. 1).

Under these circumstances, the Court finds there has not been an express reservation of the right not to be bound in the absence of a writing; all of the material terms of the agreement were agreed upon and confirmed by Plaintiff's counsel; and because the settlement terms were simple, calling for a single lump sum payment, there is no indication that this is the type of contract usually committed to writing. *See Elysium Health, Inc*, 2023 WL 7037442, at *2 (finding that a binding

settlement agreement existed when the defendants "laid out all of the material terms" during the settlement negotiations and the plaintiff's counsel stated "unequivocally: 'now . . . we have an agreement'"); *Garmashov v. United States Parachute Ass'n, Inc.*, No. 21-CV-04917, 2022 WL 17342390, at *5 (S.D.N.Y. 2022) (finding that enforcement was favored because "the terms [were] very simple, involving in essence only a single monetary payment"); *Est. of Andrea Brannon v. City of New York*, No. 14-CV-02849, 2016 WL 1047078, at *3 (S.D.N.Y. Mar. 10, 2016) (although settlement agreements are usually confirmed to writing, where the settlement is not sufficiently complex or involve a long time period, such as a with a settlement for a single lump sum payment, this factor favors enforcement of the agreement); *Gildea v. Design Distribs.*, 378 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) (the most important term of a settlement agreement is the settlement amount). It is also of particular relevance that Plaintiff's counsel sent a confirmation email concerning the settlement. *See Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, No. 04-CV-01621, 2005 WL 1377853, at *10 (S.D.N.Y. June 9, 2005).

      Plaintiff's opposition does not address any of the *Winston* factors. Plaintiff merely argues that he agreed to the settlement because he just wanted to "leave that place [the mediation] and go home." (Pl. Br. at 3). This does not render the agreement unenforceable. "[W]here the parties intend to be bound, an oral settlement is binding 'even if one party has a change of heart between the time of the agreement to the terms of the settlement and the time those terms are reduced to writing.'" *N. Fork*, 436 F. Supp. 2d at 445; *Foster v. City of New York*, No. 96-CV-09271, 2000 WL 145927 at *4 (S.D.N.Y. Feb. 7, 2000) ("This Court must enforce a binding oral agreement, notwithstanding that plaintiff may have had a change of heart."); *Willgerodt*, 953 F. Supp. at 560 ("Afterthought or change of mind are not sufficient to justify rejecting a settlement.").

Accordingly, the Court finds that the parties' oral agreement recited on the record at the mediation satisfied all of the necessary elements of contract formation. And, after a review of the *Winston* factors, the Court further finds that the parties intended their oral settlement at the conference to be binding absent a formal written agreement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to enforce the settlement is GRANTED. In light of the Court's determination herein, Defendants' motion in the alternative to dismiss the Complaint is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 33; close this case; and to mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
       January 14, 2025

_____
Philip M. Halpern
United States District Judge